THOMAS PHILLIPS, appellant *v.* GILES C. DANA, appellee.

*Appeal from Peoria.*

Applications to amend the pleadings in a cause, are addressed to the sound discretion of the Court, and the allowance of such applications cannot be assigned for error.

Where a demurrer was interposed to the replication of the plaintiff to one of the defendant's pleas, issue to the country having been taken on the other pleas, and the parties agreed that both matters of law and fact arising in the cause, might be tried by the Court, and after hearing the evidence, the Court gave judgment for the plaintiff for damages, without expressly overruling the demurrer: *Held* that as the replication was sufficient, there was no error in the proceedings.

THIS cause was tried at the September term, 1838, of the Peoria Circuit Court. Judgment was rendered for the plaintiff in the Court below, from which the defendant appealed to this Court.

N. H. PURPLE, for the appellant, contended that

If a verdict do not find the issue joined, it will be reversed on error. Bigelow's Dig. 298, No. 8.

Judgment must be reversed when it does not show how an issue was disposed of. Pirtle's Dig. 360, No. 24; 1 or 2 Missouri Rep. 260.

H. P. JOHNSON, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

The first error relied on in this case, is, that the Circuit Court permitted the plaintiff to amend his declaration after issue joined upon the plea of non assumpsit, by adding to the description of the note described in the declaration, the words "with six per cent. interest." Applications to amend the pleadings are addressed to the sound discretion of the Court, and the granting of leave to amend cannot be assigned for error.

The other error assigned is, that the Court gave no judgment upon the demurrer to the replication to defendant's sixth plea, but gave a general judgment for damages against the defendant, without deciding the issue at law. It appears from the record, that there were several pleas upon which issue to the country was taken, and that the sixth plea, mentioned in this assignment, was a plea of release of the action mentioned in the plaintiff's declaration. To this plea the plaintiff below replied that the release mentioned in the plea was not his deed, and tendered an

issue to the country. After filing the demurrer, the record states, that the parties then agreed that both matters of law and fact arising in this cause, may be tried by the Court, and after hearing the evidence and arguments of counsel, the Court gave judgment for the plaintiff below, for his damages, without expressly over-ruling the demurrer. Was this omission error ? The replication was clearly a sufficient answer to the defendant's plea, and the demurrer was improperly interposed. The Circuit Court, doubt-less, so considered it, and treated it as a nullity. By so doing, the defendant has sustained no possible injury, and the only effect of reversing the judgment below and remanding the cause, would be to require the Circuit Court to decide a demurrer which this Court perceives must be overruled. To reverse a judgment for such trifling informalities, where no possible injury can result to the party, would be a perversion of judicial proceedings.

The judgment below is affirmed with costs.

*Judgment affirmed.*

*Note.* See Clemson *el al.* The State Bank of Illinois, *Ante* 45 ; Droullard *v.* Baxter *et al., Ante* 191 ; Ross *et al. v.* Reddick, *Ante* 73.